J-S15035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JARED JAY RICKENBACH | : | |
| | : | |
| Appellant | : | No. 1349 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 10, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005123-2019

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: MARCH 13, 2024**

Jared Jay Rickenbach ("Rickenbach") appeals from the judgment of sentence imposed for his conviction for criminal trespass.[1] We reverse and remand for resentencing.

This Court has previously stated the relevant trial facts:

At approximately 9:30 p.m. on July 25, 2019, Rickenbach entered a side door at a building housing the Reitech Corporation. Once inside, [Rickenbach] went upstairs to the third floor of the building, where an employee locker room is located. He then left the building shortly thereafter. An employee of the corporation later reported that her wallet was missing from her locker in the locker room.[2]

_____

[1] **See** 18 Pa.C.S.A. § 3503(a)(1)(i).

[2] The employee later found that approximately $150 and some credit cards had been removed from the wallet. **See Commonwealth v. Rickenbach**, 268 A.3d 402 (Pa. Super. 2021) (memorandum at *2). The trial evidence included surveillance video from the building. **See id**. at 3.

*Commonwealth v. Rickenbach*, 268 A.3d 402 (Pa. Super. 2021) (unpublished memorandum at *1). A jury convicted Rickenbach of burglary and criminal trespass.

At Rickenbach's sentencing hearing for his burglary and criminal trespass convictions, the Commonwealth introduced evidence of his California convictions for infliction of injury on parent of child, *see* Cal. Pen. Code § 273.5(a), and assault with deadly weapon or by force likely to produce great bodily injury, *see* Cal. Pen. Code, § 245. *See* N.T., 2/2/21, 54, 100. Rickenbach argued, pursuant to *Commonwealth v. Quiles*, 166 A.3d 387 (Pa. Super. 2017), the California statutes were not sufficiently similar to Pennsylvania's and did not disqualify him from the Recidivism Risk Reduction Incentive ("RRRI") program under 61 Pa.C.S.A. § 4503(3) (defining a person eligible for RRRI). *See* N.T., 2/2/21, 38-43. The sentencing court held regardless of the California convictions Rickenbach did not demonstrate RRRI eligibility under section 4503(1), which requires a defendant to show he does not demonstrate a history of present or past violent behavior. *See id*. at 48; Trial Court Opinion, 7/9/21, at 11-12. It sentenced Rickenbach, who had a prior record score of "5," to two and one-half to twelve years of imprisonment for burglary. *See* N.T., 2/2/21, at 48-49.[3]

---

[3] Rickenbach's sentence for criminal trespass merged with his burglary sentence.

On appeal, this Court reversed Rickenbach's burglary conviction, vacated his criminal trespass sentence, and remanded for resentencing. **See Rickenbach**, 268 A.3d 402 (Pa. Super. 2021) (unpublished memorandum at *6).

In August 2022, Rickenbach appeared for resentencing. The parties agreed the sentencing guidelines provided for a six to sixteen months standard-range minimum sentence, with an aggravated range minimum sentence of nine to nineteen months of imprisonment. **See** N.T., 8/10/22, at 4. The court imposed an aggravated range sentence of nineteen months to seven years of imprisonment and assigned credit for the 661 days Rickenbach had already served. **See id**. at 14.[4] On remand, Rickenbach did not proffer, and the court did not address, Rickenbach's RRRI eligibility. Rickenbach filed a post-sentence motion, which the trial court denied. The instant, timely appeal was filed. Rickenbach and the trial court complied with Pa.R.A.P. 1925.

On appeal, Rickenbach presents the following issues for our review:

A. Whether the lower court abused its discretion by imposing a sentence in the aggravated range, above the standard range, without a sufficient explanation to establish a showing of atypicality, and failing to adequately consider the mitigating factors when imposing the sentence[?]

---

[4] In explaining its sentence, the court noted, *inter alia*: Rickenbach's commission of this offense while under county supervision for a prior conviction of the same offense, and his prior probation violation. **See** N.T., 8/10/22, at 8-15.

B. Whether the lower court improperly denied [Rickenbach] RRRI[]eligibility after the Commonwealth failed to meet its burden to prove [Rickenbach's] previous offenses were of a violent nature as to disqualify him[?]

Rickenbach's Brief at 5.

Rickenbach's first issue implicates the discretionary aspect of sentencing. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *See Commonwealth v. Torres*, 303 A.3d 1058, 1064 (Pa. Super. 2023); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

In the instant case, Rickenbach filed a timely notice of appeal, preserved a challenge to the discretionary aspect of sentence in a timely post-sentence motion, and included in his appellate brief a separate Rule 2119(f) statement.

Rickenbach's assertion in his Rule 2119(f) statement that the trial court failed to consider mitigating circumstances does not raise a substantial question. *See Moury*, 902 A.2d at 170. However, his claim the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances does. *See Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*). Therefore, we consider the merits of that specific portion of Rickenbach's claim.

Our standard of review for challenges to the discretionary aspects sentencing is very narrow, *see Commonwealth v. King*, 182 A.3d 449, 454 (Pa. Super. 2018), and well established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Torres*, 303 A.3d at 1065 (citation omitted). When the sentencing court applies the sentencing guidelines, this Court may only vacate if the case involves circumstances where the application of the guidelines would be clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2); *Commonwealth v. McCarthy*, 180 A.3d 368, 380 (Pa. Super. 2018).

Our legislature has determined "the sentence imposed should call for total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and

- 5 -

on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Moreover, "[i]n every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record[] and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id*. The trial court, however, need not undertake a lengthy discourse for its reasons for imposing a sentence. *See Commonwealth v. Conklin*, 275 A.3d 1087, 1098 (Pa. Super. 2022) (citation omitted), *appeal denied*, 285 A.3d 883 (Pa. 2022). Additionally, the sentencing guidelines are not mandatory and trial courts retain broad discretion in sentencing. *See Commonwealth v. Walls*, 926 A.2d 957, 963-64 (Pa. 2007).

"[W]here the sentencing judge had the benefit of a presentence investigation report [("PSI")], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Akhmedov*, 216 A.3d 307, 329 (Pa. Super. 2019) (*en banc*) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus[,] properly considering and weighing all relevant factors." *See id*. (citation omitted).

Rickenbach contends his crime was non-violent, the trial court relied almost entirely on his prior crimes as an aggravating factor, the court failed

to determine the crime was atypical, meriting an aggravated range sentence, and the court failed to adequately consider mitigating factors. **See** Rickenbach's Brief at 24-31.

The court stated it was aware of the PSI,[5] and it considered Rickenbach's long history of crimes and his history of absconding while on county probation, which merited an aggravated range sentence despite Rickenbach's rough upbringing. **See** Trial Court Opinion, 12/9/22, at 3-4.

Rickenbach has failed to demonstrate the court abused its discretion in imposing an aggravated range sentence. The court explained it could not give Rickenbach the county sentence his counsel requested because Rickenbach's commission of the crime for which he was being sentenced *while on probation* and *for the same offense* constituted an aggravated factor. **See** N.T., 8/10/22, at 9-10, 14. The court also noted Rickenbach violated a term of release in 2013. **See id**. at 11-12. The court properly considered Rickenbach's multiple failures to comply with the terms of supervisory release as a basis for imposing an aggravated range sentence, three months above the standard range sentence. **See Commonwealth v. Stewart**, 867 A.2d 589, 592-93 (Pa. Super. 2005) (stating a court may consider any legal factor in deciding whether to impose an aggravated-range sentence);

_____

[5] At the resentencing hearing, the court said it remembered that there was a PSI which it "would have reviewed multiple, multiple times. . ." **See** N.T., 8/10/22, at 4.

*Commonwealth v. Bowen*, 975 A.2d 1120, 1127 (Pa. Super. 2009) (implicitly recognizing a recidivist history can be a proper basis for an aggravated-range sentence). Rickenbach's repeated failure to comply with supervisory release and commission of crimes while under supervision manifested a distinct unwillingness to follow the law or acknowledge his obligation to satisfy the conditions of early release from prison. Thus, there is no merit to Rickenbach's assertion the evidence failed to show "atypicality" that would support an aggravated sentence.

Furthermore, Rickenbach argues the trial court considered an improper factor: his prior convictions. Although issues addressing the legality of sentence cannot be waived, an assertion a sentencing court considered an improper factor raises a discretionary aspects of sentence challenge subject to waiver if not preserved. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*); *Commonwealth v. Tobin*, 89 A.3d 663, 667-69 (Pa. Super. 2014). Rickenbach failed to preserve his argument the trial court considered an improper factor by failing to include the claim in his 1925(b) statement where he challenged other discretionary aspects of his sentence. *See Commonwealth v. McFalls*, 251 A.3d 1286, 1293 (Pa. Super. 2021) (stating an appellant may not raise a different theory of relief for the first time on appeal); *Commonwealth v. Rivera*, 238 A.3d 482, 499

(Pa. Super. 2020) (holding this Court cannot review a legal theory offered in support of a claim where that theory was not presented to the trial court).[6]

Rickenbach's second issue implicates RRRI eligibility.

The RRRI Act:

seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.

61 Pa.C.S.A. § 4502. A person is eligible for RRRI if:

the defendant or inmate convicted of a criminal offense who will be committed to the custody of the department [of corrections] and who meets **all** of the follow eligibility requirements:

(1) Does not demonstrate a history of present or past violent behavior.

\* \* \* \* \*

(3) Has not been found guilty of . . . a personal injury crime . . . except for an offense under 18 Pa.C.S.A. § 2701 (relating to simple assault), when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of . . . another state . . ..

---

[6] Even were the claim reviewable, it would not merit relief. The court did not impermissibly double-count Rickenbach's prior convictions. The court noted the numerous convictions, but did so primarily as evidence of Rickenbach's recidivism, which his multiple violations of court supervision also demonstrated. Moreover, the alleged improper consideration of the prior convictions, even if true, would not avail Rickenbach because the court offered other significant support for the aggravated sentence: Rickenbach's prior failures to behave lawfully while under supervision. Thus, Rickenbach fails to demonstrate entitlement to relief. **See Commonwealth v. Bowen**, 975 A.2d 1120, 1128 (Pa. Super. 2009) (where court cites proper reasons for aggravated sentence, its consideration of an improper factor does not require reversal).

61 Pa.C.S.A. §4503 (emphasis added).

> Importantly, under the RRRI Act:
>
> (1) . . . a sentencing court **must** designate a sentence as an RRRI sentence whenever the defendant is eligible for that designation, and (2) a defendant is eligible for that designation if he has not been previously convicted of certain enumerated offenses and "does not demonstrate a history of present or past violent behavior."

*Commonwealth v. Gonzalez*, 10 A.3d 1260, 1262 (Pa. Super. 2010), quoting 61 Pa.C.S.A. § 4503 (footnote omitted; emphasis in original). Where the trial court fails to state on the record whether an appellant is RRRI eligible, its sentence is illegal. *See Commonwealth v. Risoldi*, 276 A.3d 279, 281-82 (Pa. Super. 2022).

Rickenbach asserts the Commonwealth did not prove that his RRRI disqualification at his original sentencing hearing under 61 Pa.C.S.A. § 5303(1), based on his California convictions. *See* Rickenbach's Brief at 31-33.

On remand from this Court, the trial court failed to address Rickenbach's RRRI eligibility at resentencing. The portion of its sentence addressing RRRI is therefore illegal[7] and compels a remand for resentencing. *See Commonwealth v. Thorne*, 276 A.3d 1192, 1196 (Pa. 2022) (stating

---

[7] The sentencing court's failure to address RRRI does not vitiate Rickenbach's entire sentence. *See Risoldi*, 276 A.3d 279, 282 n. 6 (Pa. Super. 2022) (holding that where our decision does not affect the overall sentencing scheme, we need not fully vacate it).

appellate court may raise and consider illegal sentencing issue *sua sponte*);

**Risoldi**, 276 A.3d at 281-82 (same).[8]  Thus, we are compelled to remand for

resentencing limited to a consideration and determination of Rickenbach's

eligibility for RRRI.  **See Robinson**, 7 A.3d at 871.[9]

Judgment of sentence vacated.  Case remanded for resentencing.

Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/13/2024

---

[8] The Commonwealth argues Rickenbach waived his sentencing claim by failing to raise it.  **See** Commonwealth's Brief at 11-12.  However, a challenge implicating the legality of a sentence is an exception to the issue-preservation requirement of Rule Pa.R.A.P. 302(a).  **See Thorne**, 276 A.3d at 1196.

[9] We decline the parties' implicit invitation to determine Rickenbach's RRRI eligibility based on the record developed at his original sentencing for an offense which this Court reversed on appeal.  Our Court did not address RRRI eligibility on its initial review.  Rickenbach's conviction was reversed and he was resentenced on a different offense.  Thus, the trial court must reevaluate RRRI eligibility.