2022 PA Super 94

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAIRE A. RISOLDI | : | |
| | : | |
| Appellant | : | No. 1382 EDA 2021 |

Appeal from the Judgment of Sentence entered June 25, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002487-2015

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

OPINION BY DUBOW, J.:                                       **FILED MAY 24, 2022**

Appellant, Claire A. Risoldi, appeals from the June 25, 2021 Judgment of Sentence, entered after remand for resentencing on the restitution portion of her sentence. Appellant challenges the legality of her sentence. After careful review, we remand to the trial court to determine Appellant's reentry plan eligibility. We affirm all other aspects of Appellant's sentence.

On February 5, 2019, a jury convicted Appellant of various offenses related to her participation in an insurance fraud scheme. On May 17, 2019, the court sentenced Appellant to an aggregate term of 11½ to 23 months' incarceration and over $10 million in restitution. On review, this Court vacated the restitution portion of Appellant's sentence, remanded for resentencing solely on that issue, and affirmed all other aspects of Appellant's sentence. ***Commonwealth v. Risoldi***, 238 A.3d 434, 465 (Pa. Super. 2020). Our

Supreme Court denied allowance of appeal. ***Commonwealth v. Risoldi***, 244 A.3d 1230 (Pa. 2021).

On June 25, 2021, the court resentenced Appellant only on the restitution portion of her sentence. At no point in Appellant's initial sentencing or resentencing did the court state whether Appellant is eligible to participate in a reentry plan. Appellant timely filed a Notice of Appeal and both she and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues only that the sentencing court imposed an illegal sentence on May 17, 2019, and reimposed an illegal sentence on June 25, 2021, because it did not determine her reentry plan eligibility on the record as required by Subsection 9756(b)(3) of the Sentencing Code.[1] Appellant's Br. at 11-19 (citing 42 Pa.C.S. § 9756(b)(3)).

We must first determine if Appellant's issue does, in fact, implicate the legality of her sentence. Subsection 9756(b)(3) states, in relevant part, that "the court **shall**, at the time of sentencing, state whether or not the defendant is eligible to participate in a reentry plan at any time prior to the expiration of the minimum sentence or at the expiration of a specified portion of the

---

[1] Appellant also argues that if we find her sentence legal, we should conclude that the sentencing court's silence on her reentry eligibility inures to her benefit. Appellant's Br. at 4. Given our disposition, we decline to address Appellant's alternative argument.

minimum sentence."[2] 42 Pa.C.S. § 9756(b)(3) (emphasis added). We have not yet determined if a sentencing court's failure to satisfy Section 9756(b)(3)'s mandate implicates the legality of a defendant's sentence.[3]

We have, however, analyzed the implications of a sentencing court's failure to state on the record if a defendant is eligible for a recidivism risk reduction incentive (RRRI) minimum sentence under a different subsection of the same statute, specifically Subsection 9756(b.1).[4] Subsection 9756(b.1) states, in relevant part, that "[t]he court **shall** determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence[.]" 42 Pa.C.S. § 9756(b.1) (emphasis added).

In **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010), we determined that based on the legislature's use of the term "shall," a sentencing court's failure to determine on the record if a defendant is RRRI eligible results in the imposition of an illegal sentence. **See also**

---

[2] This section applies only where, as here, the sentencing court imposes a maximum sentence of less than two years' incarceration and "a mandatory minimum sentence of imprisonment or total confinement is not required by law[.]" 42 Pa.C.S. § 9756(b)(3).

[3] To the extent that we must interpret the language of Section 9756(b)(3), we do so with a *de novo* standard of review and plenary scope of review. **Commonwealth v. Finnecy**, 249 A.3d 903, 913 (Pa. 2021).

[4] We observe that reentry plan eligibility functions similarly to an RRRI minimum sentence in that both are designed to afford defendants the potential to be paroled before the expiration of their minimum sentence through use of education, training, and treatment programs. **Compare** 42 Pa.C.S. § 9756(e) **and** 61 Pa.C.S. §§ 4505(c), 4506(a).

*Commonwealth v. Tobin*, 89 A.3d 663, 669 n.4 (Pa. Super. 2014) (explaining that in the context of RRRI eligibility, the legislature's use of the term "shall" makes "RRRI eligibility . . . an illegal sentencing issue"); *Commonwealth v. Seif*, 943 WDA 2018, 2020 WL 5423953 at *8 (Pa. Super. filed Sept. 10, 2020) (non-precedential decision) (explaining that a court imposes an illegal sentence where it fails to state on the record if defendant is RRRI eligible, even where defendant is plainly ineligible due to nature of conviction).

This Court has, thus, concluded that the legislature's use of the term "shall" in Subsection 9756(b.1) confers on the sentencing court the requirement that it determine a defendant's RRRI eligibility at sentencing, and failure to do so results in the imposition of an illegal sentence. The legislature's use of the same term, "shall," in Subsection 9756(b)(3) similarly requires the sentencing court to state whether a defendant is eligible to participate in a reentry plan. Therefore, as with a court's failure to satisfy the mandate of Subsection 9756(b.1), a court's failure to state on the record if a defendant is reentry eligible pursuant to Subsection 9756(b)(3) implicates the legality of the defendant's sentence.

We apply a *de novo* standard of review and plenary scope of review to questions of legality of sentence. *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). Additionally, a challenge to the legality of sentence cannot be waived. *Commonwealth v. Taylor*, 104 A.3d 479, 489 (Pa. 2014).

In the instant case, the trial court did not state on the record at sentencing if Appellant is eligible to participate in a reentry plan.[5] That aspect of Appellant's sentence is, therefore, illegal and subject to correction. We remand solely for the sentencing court to determine Appellant's eligibility to participate in a reentry plan pursuant to 42 Pa.C.S. § 9756(b)(3).[6] We affirm all other aspects of Appellant's sentence.

Judgment of Sentence affirmed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2022

---

[5] Such failure impacts Appellant's eligibility for early parole, as "a court may parole a defendant prior to the expiration of the minimum sentence only if the defendant was made eligible to participate in a reentry plan at the time of sentencing." 42 Pa.C.S. § 9756(b)(3).

[6] We note that as with RRRI eligibility, a sentencing court's failure to specify a defendant's reentry plan eligibility need not vitiate the entire sentence. **See Robinson**, 7 A.3d at 875; **Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006) (explaining that "if our decision does not alter the overall scheme," we need not fully vacate a sentence).