J-S27031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDY JOSEPH OXENRIDER | : | |
| | : | |
| Appellant | : | No. 1706 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 9, 2022
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001602-2021

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:            **FILED: FEBRUARY 7, 2024**

Andy Joseph Oxenrider ("Oxenrider") appeals from the judgment of sentence for violations of the Controlled Substances Act.[1]  We affirm in part and remand for resentencing.

In August 2022, Pennsylvania State Trooper Ryan Sverchek ("Trooper Sverchek") went to Darkes Road in Lebanon County to investigate a landlord-tenant dispute, resulting in Oxenrider's arrest.[2]  During a search pursuant to arrest, Trooper Sverchek recovered marijuana and a plastic baggie with amphetamine residue.  **See** N.T., 10/19/22, at 16, 25-26, 34-39.

In October 2022, a jury convicted Oxenrider of the charged offenses. The court later imposed a sentence of one to three years of incarceration concurrent with his sentence for a previous conviction and granted sentencing

---

[1] **See** 35 P.S. § 780-101-144.

[2] Neither Oxenrider's convictions nor his appeal involve that dispute.

credit for the thirty-eight days of incarceration Oxenrider served on this case before trial.[3] Because its sentencing order failed to address the applicability of the recidivism risk reduction incentive statute ("RRRI")[4] to Oxenrider, in May 2023, the trial court issued an amended sentencing order.

Oxenrider filed a timely appeal[5] and he and the trial court complied with Pa.R.A.P. 1925.[6]

Oxenrider presents the following issues for review:

1.     Did the trial court err in not awarding [Oxenrider] credit for all time served . . . ?

2.     Did the trial court err in not stating that [Oxenrider] is RRRI eligible in his sentencing order?

3.     Did the trial court err in ruling that the Commonwealth presented evidence at trial that was sufficient to sustain a conviction [for possessing a controlled substance]?

Oxenrider's Brief at 6 (some capitalization corrected).

---

[3] Oxenrider was imprisoned on this case from December 13th to 30th, 2021, and from October 9, 2022, to November 9, 2022. *See* N.T. 11/9/22, at 12.

[4] *See* 61 Pa.C.S.A. §§ 4501-4212.

[5] The trial court sentenced Oxenrider on November 9, 2023. Oxenrider delivered a *pro se* notice of appeal to prison authorities on December 5, 2023, rendering this appeal timely. *See* Pa.R.A.P. 121(f). *See also Commonwealth v. Williams*, 151 A.3d 621, 623-24 (Pa. 2016) (holding a *pro se* notice of appeal must be docketed even when the appellant is represented by counsel and is used to compute whether an appeal is timely).

[6] The trial court noted Oxenrider did not file his 1925(b) statement within twenty-one days of being ordered to do so but found Oxenrider's transfer between prisons without counsel's knowledge established both good cause and a breakdown in the system permitting an extension of time to time to file the statement. *See* Trial Court Opinion, 2/9/23, at 2 n.3.

Oxenrider's first issue implicates his right to credit for time served.

The statute addressing credit for time served provides, in relevant part, that:

> [c]redit against the maximum and minimum term shall be given to the defendant for all time spent in custody **as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charged is based**. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (emphasis added). **See Commonwealth v. Infante**, 63 A.3d 358, 367 (Pa. Super. 2013) (stating that "[a] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which the sentence is imposed") (citation omitted). A claim asserting the trial court failed to award time credit implicates the legality of sentence. **See Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa. Super. 2018). Our standard of review of such questions is *de novo* and our scope of review is plenary. **See id**.

Oxenrider acknowledges that he was granted released on recognizance ("ROR") bail on April 20, 2022, but claims entitlement to credit for the time he spent incarcerated from April 20, 2022, through December 23, 2022. **See** Oxenrider's Brief at 11.

The trial court found that Oxenrider was not incarcerated on this case between April 20, 2022 and December 23, 2022, apart from the time from his October 19, 2022 trial until his November 9, 2022 sentencing. **See** Trial Court

- 3 -

Opinion, 2/9/23, at 2-3. The court explained that Oxenrider appeared before the court on April 20, 2022 after a bench warrant was issued for his failure to appear on multiple dockets, and although monetary bail was set in several other actions, Oxenrider was granted ROR bail *in this case* and signed the bail bond on that date. He was not entitled to credit for time served on other cases. *See id*. and n.4.

We discern no error in the trial court's ruling. The record clearly establishes the court granted Oxenrider ROR bail in this case on April 20, 2022, and released him on his own recognizance for the charges in this case. *See* Bail Bond, 4/20/22. Oxenrider was not incarcerated on this case during the period for which he seeks credit, except for the period the trial court identifies between trial and sentencing, and the trial court properly declined to award credit for Oxenrider's incarceration on other cases. *See* 42 Pa.C.S.A. § 9760(1); *Infante*, 63 A.3d at 367. The claim lacks merit.

Oxenrider's second issue concerns the trial court's failure to address his eligibility for RRRI at sentencing. RRRI seeks to encourage eligible offenders to participate in "evidence-based programs that reduce the likelihood of recidivism and improve public safety." *See* 61 Pa.C.S.A. § 4504(b). RRRI is available to non-violent offenders who have not committed certain defined sexual or drug trafficking offenses. *See* 61 Pa.C.S.A. § 4503. *See Commonwealth v. Risoldi*, 276 A.3d 279, 281 (Pa. Super. 2022). Sentencing courts assess an offender's RRRI eligibility and state on the record

whether the offender is eligible. Challenges concerning RRRI sentences implicate the legality of sentence and raise questions of law, over which this Court's scope of review is plenary and standard of review is *de novo*. *See id*.

The trial court acknowledges it erred by failing to assess Oxenrider's RRRI eligibility and requests this Court remand for resentencing for it to state Oxenrider's eligibility for RRRI. *See* Trial Court Opinion, 2/9/23, at 3-4.

We agree with the trial court that Oxenrider is due a remand for resentencing and the determination of RRRI availability consistent with the trial court's May 2023 amended order. Accordingly, we remand for the limited purpose of allowing the sentencing court to determine Oxenrider's eligibility to participate in an RRRI reentry program. *See* 42 Pa.C.S.A. § 9756(b.1).[7]

Oxenrider's third and final issue asserts the evidence was insufficient to sustain his conviction for possession of a controlled substance. *See* 35 P.S. § 780113(a)(16).

This Court reviews the sufficiency of the evidence under the following standard:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. . . . When reviewing a sufficiency claim[,] the

---

[7] *See Risoldi*, 276 A.3d at 282 n.6 (stating a sentencing court's failure to specify a defendant's reentry plan does not require the vacation of the entire sentencing scheme where the overall scheme is not affected).

court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Stahl*, 175 A.3d 301, 303-04 (Pa. Super. 2017) (added emphasis removed). In reviewing a sufficiency claim, this Court has also acknowledged that:

> we may not weigh the evidence and substitute our judgment for the fact-[]finder. . . . The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted).

A person commits the crime of possession of a controlled substance when he knowingly or intentionally possesses a controlled substance, and he is not registered under the Controlled Substance, Drug, Device and Cosmetic Act ("the Act") to do so. *See* 35 P.S. 780-113(a)(16). Methamphetamine is a Schedule II controlled substance. *See* 35 P.S. § 780-104(2)(iii)(4). The possession of "any quantity" of methamphetamine is sufficient to trigger liability under the statute. *Id*.; *see also Commonwealth v. Graeff*, 442 A.2d 1153, 1156-57 (Pa. Super. 1982).

Oxenrider asserts the Commonwealth's forensic scientist, Paul Welte, testified that "if the substance does not weigh .003 or more it is considered

residue and does not have enough for potential abuse." Oxenrider's Brief at 15.

The trial court held the Act criminalizes the possession of any quantity of methamphetamine. *See* Trial Court Opinion, 2/9/23, at 5-6.

The trial court's ruling comports with the law; there is no *de minimis* exception for methamphetamine possession. To the contrary, as this Court has held, "the legislature enacted [section 780-104(2)(iii)] because it considered methamphetamine in *any quantity* to be more dangerous than the other substances enumerated in Schedule II"). *See Graeff*, 442 A.2d at 1156-57 (emphasis added). The evidence that Oxenrider possessed methamphetamine sufficiently proved his guilt. *See* P.S. § 780-104(2)(iii)(4); *Graeff*, 442 A.2d at 1157.[8]

---

[8] We also note that the alleged quote from Welte does not appear in the trial transcript.

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/7/2024