J-S26024-24

2024 PA Super 247

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                :  PENNSYLVANIA
                                                :
                          v.                            :
                                                :
                                                :
MICHAEL JUSTIN WHALLEY          :
                                                :
                  Appellant            :   No. 1665 MDA 2023

Appeal from the Judgment of Sentence Entered October 17, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001133-2023

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

OPINION BY OLSON, J.:               **FILED: OCTOBER 29, 2024**

Appellant, Michael Justin Whalley, appeals from the judgment of sentence entered on October 17, 2023, as made final by the denial of Appellant's post-sentence motion on November 6, 2023.  We affirm.

On July 21, 2023, Appellant pleaded guilty to flight to avoid apprehension.[1]  As the trial court explained:

> [On July 21, 2023, the trial court] granted Appellant's request for his release from incarceration in order to participate in substance addiction treatment at Gaudenzia Common Ground.  Subsequently, Appellant participated in treatment at the Salvation Army – Binghamton[; however, Appellant] was unsuccessfully discharged from that program and remanded to the Lackawanna County Prison to await sentencing.

Trial Court Opinion, 3/18/24, at 1-2 (citations omitted).

---

[1] 18 Pa.C.S.A. § 5126(a).

At the beginning of Appellant's October 17, 2023 sentencing hearing, the trial court stated that it reviewed Appellant's pre-sentence investigation ("PSI") report. N.T. Sentencing, 10/17/23, at 2. The trial court then sentenced Appellant to serve 12 to 24 months in prison for his conviction.[2] *Id.* at 5. During sentencing, the trial court did not state, on the record, whether Appellant was an "eligible offender" for purposes of the recidivism risk reduction incentive ("RRRI") program. *See id.* at 1-6. Nevertheless, within its later-filed opinion, the trial court explained:

> Prior to sentencing, [the trial court] carefully reviewed the [PSI] report, the applicable standard Sentencing Guidelines, the circumstances surrounding Appellant's life, criminal history, and the underlying facts of the offenses. Following that review, [the trial court] made a determination as to Appellant's RRRI eligibility and found that Appellant was ineligible for [an] RRRI minimum sentence. Specifically, Appellant is ineligible for a RRRI sentence due to certain prior convictions. That is, Appellant has prior convictions for aggravated assault, aggravated harassment by a prisoner, and resisting arrest, which render him ineligible for [an] RRRI minimum sentence.

Trial Court Opinion, 3/18/24, at 3-4.

Following the denial of Appellant's post-sentence motion, Appellant filed a timely notice of appeal. Appellant raises one claim to this Court:

> Whether the [trial] court imposed an illegal sentence when it failed to determine [Appellant's] eligibility for RRRI on the record?

---

[2] On October 27, 2023, plea counsel moved the trial court to reconsider Appellant's sentence. The trial court, however, denied this request on November 6, 2023.

Appellant's Brief at 3.

"A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." **Commonwealth v. Childs**, 63 A.3d 323, 325 (Pa. 2013) (quotation marks and citations omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Hughes**, 986 A.2d 159, 160 (Pa. Super. 2009) (quotation marks and citations omitted). "Moreover, challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." **Id.** at 161 (quotation marks and citations omitted); **see also Commonwealth v. Prinkey**, 277 A.3d 554, 563 (Pa. 2022) ("the appellant's challenge implicates the legality of his sentence" where, "assuming the appellant's claim prevails, the result would be that the trial court lacked authority to impose the sentence at issue").

As is relevant to the case at bar, the Sentencing Code provides:

> The court shall determine if the defendant is eligible for [an RRRI] minimum sentence. . . . If the defendant is eligible, the court shall impose [an RRRI] minimum sentence in addition to a minimum sentence and maximum sentence.

42 Pa.C.S.A. § 9756(b.1); **see also** 61 Pa.C.S.A. § 4505(a) ("[a]t the time of sentencing, the court shall make a determination whether the defendant is an eligible offender" for purposes of RRRI).

This Court has held that, since Section 9756(b.1) "include[s] a provision requiring sentencing courts to determine if a defendant is eligible for an RRRI

minimum sentence," "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010).[3]

On appeal, Appellant does not contest the trial court's factual statement that, prior to sentencing, it "made a determination as to Appellant's RRRI eligibility and found that Appellant was ineligible for [an] RRRI minimum

_____

[3] Certain decisions issued by this Court have questioned the rationale which holds that the use of mandatory terms such as "shall" in Section 9756(b.1) links a trial court's failure to make an RRRI assessment to the imposition of an unlawful sentence. In *Commonwealth v. Tobin*, a panel of this Court reasoned:

> The rationale for concluding that RRRI eligibility is an illegal sentencing issue rests on the grounds that the RRRI statute declares that a court "shall" determine eligibility. [*Robinson*, 7 A.3d at 871 n. 2]. Similar use of the word "shall," nonetheless, appears in discussing a trial court's obligation to consider the sentencing guidelines as well as state the reasons for the sentence imposed, *see* 42 Pa.C.S.A. § 9721, which are not considered legality of sentence concerns. Succinctly put, the use of the word "shall" in a sentencing statute is far from dispositive of whether a claim relates to an illegal sentence. *See Commonwealth v. Schutzues*, 54 A.3d 86 (Pa. Super. 2012); *Commonwealth v. Cappellini*, 690 A.2d 1220, 1228 (Pa. Super. 1997) (despite 42 Pa.C.S.A. § 9721(b) providing, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed" the court concluded that a claim that the court did not provide its reasons for sentencing constituted a discretionary sentencing claim).

*Commonwealth v. Tobin*, 89 A.3d 663, 669 n.4 (Pa. Super. 2014).

sentence . . . [because] Appellant has prior convictions for aggravated assault, aggravated harassment by a prisoner, and resisting arrest, which render him ineligible for [an] RRRI minimum sentence." **See** Trial Court Opinion, 3/18/24, at 3-4; **see also** Appellant's Brief at 1-12. Further, Appellant concedes on appeal that he is, in fact, ineligible for an RRRI minimum sentence. **See** Appellant's Brief at 12 n.7 ("a review of [Appellant's] criminal history indicates [a past] conviction for aggravated assault, graded as a felony of the second degree. . . . [This] single conviction makes [Appellant] an 'ineligible person' for RRRI under 61 Pa.C.S.A. § 4503(e)"). Appellant simply claims that his sentence is illegal because the trial court failed to state, **on the record**, that he was ineligible for an RRRI minimum sentence. Appellant's Brief at 11-12. In support of this claim, Appellant cites to our published opinion in **Commonwealth v. Risoldi**, 276 A.3d 279 (Pa. Super. 2022), where we stated: "[i]n [**Robinson**,] we determined that based on the legislature's use of the term 'shall,' a sentencing court's failure to determine **on the record** if a defendant is RRRI eligible results in the imposition of an illegal sentence." **Risoldi**, 276 A.3d at 281 (emphasis added). Appellant's claim fails, as **Risoldi's** statement is not only *dicta*, but it constitutes an unwarranted expansion of the relevant statutes and a misreading of **Robinson**.

At the outset, **Risoldi's** declaration that "a sentencing court's failure to determine on the record if a defendant is RRRI eligible results in the imposition of an illegal sentence" constitutes nonbinding *dicta*, as this declaration was

- 5 -

"unnecessary to the decision in the case and therefore not precedential." *See*

*Commonwealth v. Romero*, 183 A.3d 364, 400 n.18 (Pa. 2018), *quoting*

BLACK'S LAW DICTIONARY 1240 (10th ed. 2014).  Certainly, neither the facts nor

the legal issue in *Risoldi* concerned RRRI or Section § 9756(b.1) in the least.

Instead, the issue in *Risoldi* was whether the trial court imposed an illegal

sentence "because it did not determine [the defendant's] **reentry plan**

**eligibility** on the record as required by Subsection 9756**(b)(3)** of the

Sentencing Code."  *Risoldi*, 276 A.3d at 280.  However, "reentry plan

eligibility" is a completely different concept than "RRRI eligibility"[4] – and the

two issues are controlled by completely different statutory subsections,

containing completely different statutory language.[5]  Thus, ***Risoldi's***

---

[4] "Reentry plan eligibility" concerns the issue of whether a defendant is "eligible for parole prior to the expiration of his minimum sentence."  *See* *Commonwealth v. Finley*, 135 A.3d 196, 200 (Pa. Super. 2016).  The RRRI Act, on the other hand, "permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences."  *Commonwealth v. Hansley*, 47 A.3d 1180, 1186 (Pa. 2012).

[5] *Compare* 42 Pa.C.S.A. § 9756(b)(3) ("Except where the maximum sentence imposed is two years or more, and except where a mandatory minimum sentence of imprisonment or total confinement is required by law, **the court shall, at the time of sentencing, state** whether or not the defendant is eligible to participate in a reentry plan at any time prior to the expiration of the minimum sentence or at the expiration of a specified portion of the minimum sentence") (emphasis added), *with* 42 Pa.C.S.A. § 9756(b.1) ("[t]he [sentencing] court **shall determine** if the defendant is eligible for [an RRRI] sentence.  . . . If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence") (emphasis added), *and* 61 Pa.C.S.A. § 4505(a) ("[a]t the time of sentencing, the court **shall make a**
*(Footnote Continued Next Page)*

statement that "a sentencing court's failure to determine on the record if a defendant is RRRI eligible results in the imposition of an illegal sentence" is nonbinding *dicta*.

It is true that *dicta* may be considered for its persuasive value. **See Romero**, 183 A.3d at 400 n.18. Nevertheless, **Risoldi's** declaration is not persuasive, as it deviates from the plain language of the relevant statutes and misstates the holding in **Robinson**.

Simply stated, the relevant statutes do not require an "on the record" declaration regarding the defendant's ineligibility for RRRI sentencing, much less dictate that the omission of such a declaration results in an unlawful sentence. Instead, the relevant statutes merely require that the trial court "**determine**" if the defendant is eligible for an RRRI minimum sentence – and, if the defendant **is** eligible, the statutes require that the trial court "impose" an RRRI minimum sentence. 42 Pa.C.S.A. § 9756(b.1) (emphasis added); **see also** 61 Pa.C.S.A. § 4505(a).

Further, **Robinson** never held that a trial court must make an "on the record" determination of RRRI eligibility. Rather, in **Robinson**, the trial court **expressly refused** to make any determination of the defendant's RRRI eligibility because, it reasoned, "imposition of the negotiated sentence in [the] case precluded application of the RRRI." **Robinson**, 7 A.3d at 874. The

_____

**determination** whether the defendant is an eligible offender" for purposes of RRRI) (emphasis added).

- 7 -

***Robinson*** panel then concluded that the trial court erred because "the imposition of a negotiated sentence [did] not conflict with the statutory scheme of the RRRI sentencing process and [did] not disqualify a defendant from eligibility under the RRRI statute." ***Id.*** at 875. Thus, we vacated the judgment of sentence and remanded "for a determination of whether [the defendant] is RRRI eligible." ***Id.*** In doing so, the ***Robinson*** Court concluded that the trial court erred **not** because it failed to make an "on the record" determination of RRRI eligibility, but because it failed to make a "determination" of RRRI eligibility **at all**.

Thus, we conclude, ***Risoldi's*** declaration that "a sentencing court's failure to determine **on the record** if a defendant is RRRI eligible results in the imposition of an illegal sentence" is nonbinding, unpersuasive *dicta*. **See** ***Risoldi***, 276 A.3d at 281 (emphasis added). The statutory language simply requires that, "[a]t the time of sentencing, the court **shall make a determination** whether the defendant is an eligible offender" for purposes of RRRI. 61 Pa.C.S.A. § 4505(a); ***see also*** 42 Pa.C.S.A. § 9756(b.1). Here, it is uncontested that, at the time of sentencing, the trial court "ma[de] a determination" that Appellant was ineligible for an RRRI minimum sentence, due to Appellant's prior convictions for crimes of violence. **See** Trial Court Opinion, 3/18/24, at 3-4. The trial court thus complied with the relevant statutes and Appellant's claim on appeal fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Kunselman joins.

President Judge Emeritus Panella concurs in the result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2024