J-A10014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERICA WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2073 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004958-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERICA WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2074 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008395-2022

BEFORE:  PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED APRIL 4, 2025**

Erica Williams appeals from the judgment of sentence imposed on July 10, 2024, after the trial court found she was in violation of her probation. We agree with the parties that Williams' sentence is illegal because the trial court failed to address whether Williams is an eligible offender under the Recidivism

_____

[*] Retired Senior Judge assigned to the Superior Court.

Risk Reduction Incentive ("RRRI") Act.[1] We therefore vacate the judgment of sentence and remand for resentencing.

Williams pled guilty on August 28, 2023, to two dockets. On docket CP-51-CR-0004958-2022, Williams pled guilty to theft by unlawful taking, moveable property.[2] On docket CP-51-CR-0008395-2022, Williams pled guilty to retail theft.[3] On October 30, 2023, the trial court sentenced Williams to four years of probation for each case, to be run concurrently.

On July 10, 2024, a revocation hearing was held. Williams admitted to violating her probation, specifically, for obtaining new charges and for absconding from supervision. The trial court sentenced Williams on docket CP-51-CR-0004958-2022 to one and a half to three years' incarceration in a state correctional facility. On docket CP-51-CR-0008395-2022, the trial court sentenced Williams to one to three years' incarceration in a state correctional institution, to run concurrently with her sentence at docket CP-51-CR-0004958-2022. The trial court did not address whether she was eligible for a RRRI minimum sentence.

---

[1] 61 Pa.C.S.A. §§ 4501-4512.

[2] 18 Pa.C.S.A. § 3921(a).

[3] 18 Pa.C.S.A. § 3929(a)(1).

Williams filed a timely post-sentence motion, that the trial court denied on July 29, 2024. Williams filed a timely notice of appeal and complied with the trial court's order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

Williams presents one issue for our review:

Whether the sentences are illegal, because the lower court did not determine at the time of sentencing whether Ms. Williams is eligible for recidivism risk reduction incentive (RRRI) minimum sentences?

Appellant's Brief, at 2.

Williams raises, for the first time, a challenge to the legality of her sentence but argues the issue is non-waivable. **See id.** at 9. Williams argues the trial court failed to determine if she is RRRI eligible when sentencing her, thus imposing an illegal sentence. **See id.** at 9-10. The Commonwealth concedes this is a non-waivable challenge to the legality of her sentence, and agrees remand is necessary for a new sentencing hearing. **See** Appellee's Brief, at 5.

We agree. Although Williams did not raise this claim with the trial court, this Court has held "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010). "[C]hallenges to an illegal sentence can never be waived[.]" **Commonwealth v. Whalley**, 326 A.3d 948, 950 (Pa. Super. 2024) (citations omitted). We thus turn to the merits of Williams' claim

that the trial court erred in failing to determine if she was an eligible offender under the RRRI Act.

"We apply a *de novo* standard of review and plenary scope of review to questions of legality of sentence." **Commonwealth v. Risoldi**, 276 A.3d 279, 281 (Pa. Super. 2022) (citation omitted). The Sentencing Code provides:

> The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and a maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S.A. § 9756(b.1).

"This statute makes clear that sentencing courts are required to make an assessment as to an offender's eligibility for a sentence under the RRRI Act and lack discretion to forego imposing one where an offender is eligible." **Commonwealth v. Finnecy**, 249 A.3d 903, 912 (Pa. 2021).

At sentencing, the trial court did not consider whether Williams is an eligible offender under the RRRI Act. Therefore, Williams' sentence raises issues of legality and her contention is non-waivable. Accordingly, we vacate Williams' judgment of sentence and remand the matters for the trial court to determine Williams' eligibility for a RRRI minimum sentence.

Judgment of sentence vacated. Case remanded for resentencing in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>4/4/2025</u>