J-S32028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :            PENNSYLVANIA
                                                 :
                    v.                            :
                                                 :
                                                 :
CURTISS LEVELLE KENT JR.         : 
                                                 :
                    Appellant                :    No. 553 MDA 2025

Appeal from the Judgment of Sentence Entered March 31, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003999-2023

BEFORE:    LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED NOVEMBER 18, 2025**

Curtiss Levelle Kent, Jr. appeals from the judgment of sentence imposed after a jury convicted him of drug-related charges. We agree with Kent and the trial court that Kent's sentence is illegal, because the trial court failed to address whether Kent is an eligible offender under the Recidivism Risk Reduction Incentive (RRRI) Act.[1] We therefore vacate his judgment of sentence and remand for resentencing.

The pertinent facts and procedural history are as follows. On March 4, 2025, a jury convicted Kent of one count of possession with intent to deliver

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 61 Pa.C.S.A. §§ 4501-4512.

and one count of possession of drug paraphernalia.[2]  Kent waived the preparation of a pre-sentence investigation, and, on March 31, 2025, the trial court imposed an aggregate sentence of one and one-half to five years of incarceration.  This timely appeal followed.  Both Kent and the trial court have complied with Appellate Rule 1925.

Kent raises the following issue on appeal:

1. Did the trial court [err] in failing to make a finding as to RRRI eligibility as required by case law?

Kent's Brief at 4.

We first note that, although Kent did not raise his claim before the trial court, this Court has held that when "the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010).  Moreover, "challenges to an illegal sentence can never be waived[.]" **Commonwealth v. Whalley**, 326 A.3d 948, 950 (Pa. Super. 2024) (citations omitted).  Finally, "we apply a *de novo* standard of review and plenary scope of review to questions of legality of sentence." **Commonwealth v. Risoldi**, 276 A.3d 279, 281 (Pa. Super. 2022)(citation omitted).

The Sentencing Code provides, in relevant part:

**§ 9756.  Sentence of total confinement**

---

[2] 35 P.S. 780-113(a)(30) and (a)(32).

\*\*\*

**(b.1) Recidivism risk reduction incentive minimum sentence.**—The court shall determine if the defendant is eligible for a recidivism risk reduction incentive sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction minimum sentence in addition to a minimum sentence and a maximum sentence, except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction inventive minimum.

42 Pa.C.S.A. § 9756(b.1).

Here, the trial court concedes that "[a] review of the sentencing transcript reveals that the [court] did not make a determination regarding [Kent's] RRRI eligibility before imposing a sentence of imprisonment in a state correctional institution." Trial Court Opinion, 6/16/25, at 2. Noting that this omission rendered Kent's sentence illegal, the trial court asks us to remand "to allow the court an opportunity to correct the sentence by making a determination regarding [Kent's] eligibility." **Id.**

The Commonwealth responds by arguing that Kent's sentence is not illegal, given Kent's "extensive prior criminal history" which disqualifies him for a RRRI Sentence. Commonwealth's Brief at 5. In support of its claim, the Commonwealth asserts that the trial court did not address RRRI sentencing "in the court room" because Kent's previous conviction for the same drug charge disqualified him from RRRI eligibility." Commonwealth's Brief at 10. The Commonwealth contends that "[i]t is clear that the court tacitly determined that [Kent] was not qualified for RRRI based on his extensive

criminal history, and any hypothetical error would be harmless for the reasons set forth in" ***Whalley***, ***supra***.

We disagree. The circumstances involved in ***Whalley*** are easily distinguishable. In ***Whalley***, although during sentencing the trial court did not state on the record that it considered whether the appellant was an "eligible offender" for purposes of the RRRI program, in its subsequent Appellate Rule 1925(a) opinion, the court stated that prior to sentencing it reviewed the appellant's pre-sentence investigation and found that the appellant was not eligible. ***Whalley***, 326 A.3d at 949. Additionally, on appeal, the appellant did not contest the trial court's factual statement in its Rule 1925(a) opinion, and further conceded that he was, in fact, ineligible for an RRRI sentence. ***Id.*** at 950-51. Given these circumstances, this Court rejected the appellant's claim that his sentence was illegal simply because the "the trial court failed to state, **on the record**, that he was ineligible" for an RRRI sentence. ***Id.*** at 951 (emphasis in the original).

Such is not the case here. As noted above, rather than stating that it considered whether Kent was an eligible offender for an RRRI sentence, the trial court conceded it made no such determination, and asks us to remand so that it may do so. Moreover, as noted by Kent, he waived the preparation of a pre-sentence investigation, and, while the Commonwealth asserts that he "has a record of 'violent crimes,' drug trafficking, and single offense disqualifications" rendering him ineligible for an RRRI sentence, none of this information appears of record. Kent's Reply Brief at 4.

In sum, because Kent has raised a non-waivable illegal sentencing claim, we vacate his judgment of sentence and remand the case for the trial court to determine Kent's eligibility for an RRRI sentence.[3]

Motion for Change of Counsel denied. Request to file *pro se* correspondence denied. Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2025

---

[3] Given this disposition, we deny Kent's motion for change of appointed counsel. Since this appeal began, Kent has sent this Court's prothonotary a series of letters in which he raises multiple claims that should have been raised in a suppression motion that he did not file. Any claim of ineffectiveness related to counsel's failure to file a suppression motion, however, must await post-conviction review. ***See generally***, ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013). Additionally, we also deny as moot Kent's request to docket his most recent correspondence.