J-S44020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN IRVIN | : | |
| | : | |
| Appellant | : | No. 1258 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001325-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN IRVIN | : | |
| | : | |
| Appellant | : | No. 1259 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001326-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN IRVIN | : | |
| | : | |
| Appellant | : | No. 1260 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001808-2023

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
:
JOHN IRVIN :
:
Appellant : No. 1261 EDA 2025

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001879-2023

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
:
JOHN IRVIN :
:
Appellant : No. 1262 EDA 2025

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001881-2023

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
:
JOHN IRVIN :
:
Appellant : No. 1263 EDA 2025

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001926-2023

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 30, 2026**

- 2 -

John Irvin ("Appellant") appeals from the judgments of sentence entered at each of the six dockets listed above following the revocation of his probation. He challenges the violation of probation ("VOP") sentences of one to five years' incarceration imposed concurrently at each docket as violative of Act 44 of 2023, particularly Section 9771(c)(2)(i).[1] Based on ***Commonwealth v. Goodwin***, ___ A.3d ___, 2026 WL 775409 (Pa. Super. filed March 19, 2026), we are constrained to vacate and remand for resentencing.

We glean the relevant factual and procedural history from the certified record and the trial court's Pa.R.A.P 1925(a) opinion. On November 3, 2023, Appellant entered guilty pleas to, *inter alia*, one count of retail theft at each of the above six dockets.[2] The court sentenced him to the negotiated five-year term of probation for each theft, to run concurrently.

On November 15, 2024, while on probation, he pled guilty to two counts of Indirect Criminal Contempt ("ICC") in connection with his contacting his mother in violation of a Protection from Abuse ("PFA") order[3] entered against

---

[1] Act of Dec. 14, 2023, P.L. 381, No. 44 (effective June 11, 2024). As discussed *infra*, 42 Pa.C.S. § 9771(c) creates a presumption against total confinement for technical probation violations, which may be rebutted by certain exceptions, and a sentencing scheme if an exception is met.

[2] 18 Pa.C.S. § 3929(a)(1).

[3] 23 Pa.C.S. § 6114.

him. Appellant agreed that his ICC convictions violated the conditions of his probation.[4]

On April 16, 2025, the court held a consolidated VOP hearing. Chester County Adult Probation Officer Fred Crawford testified that Appellant committed the following technical violations: on September 19, 2024, Appellant failed to report in person to the Adult Probation office; on October 17, 2024, he failed to obtain a drug and alcohol evaluation and obtain treatment for his addiction;[5] and Appellant failed to pay restitution. Officer Crawford also stated that on October 29, 2024, and November 8, 2024, Appellant violated the terms of Rule 1 of Adult Probation conditions by contacting his mother in violation of the PFA order she had obtained against him.[6] Officer Crawford recommended that, in light of Appellant's extensive criminal history and his mental health, drug, and alcohol issues, the court impose a term of incarceration of one to five years in state prison where he would be eligible for the state drug treatment program. Appellant's counsel requested that the court impose a sentence of six months' incarceration in

_____

[4] Appellant was also serving parole in six additional cases, which the VOP court closed following its imposition of sentence for these probation violations. **See** N.T. VOP Hr'g, 4/16/25, at 26. Those parole cases are not at issue in this appeal.

[5] Officer Crawford stated that on October 17, 2024, Appellant failed to submit to a drug and alcohol evaluation and follow recommendations for treatment. He further testified that Appellant finally completed a Drug and Alcohol Evaluation on December 16, 2024. **Id.** at 7.

[6] Appellant's contact consisted of two text messagesto his mother asking for the key to the storage locker where some of his possessions are stored.

county prison, followed immediately by release into a long-term treatment program. *Id*. at 18. During his allocution, Appellant acknowledged his prior offenses and drug and alcohol addiction, noted that he served his time for the ICC convictions, and requested that the court give him one more chance by sentencing him to drug and alcohol treatment instead of incarceration.

Prior to imposing its sentence, the VOP court noted that Appellant, who was 48 years old at the time of the hearing, has eleven aliases, three social security numbers, forty prior convictions going back to 1994, twenty-eight prior probation violations going back to 1995, numerous opportunities for treatment after serving limited county jail sentences for his violations, and that between 2015 and 2021, Appellant had been in and out of treatment facilities and continued to struggle with a $170 per day drug addiction. After acknowledging Appellant's mental health diagnoses of bipolar disorder, depression, and PTSD (for which Appellant is on medication), and opining that Appellant has consistently failed to take advantage of the opportunities for addiction rehabilitation that Chester County has provided him, the VOP court revoked probation and on April 16, 2025, sentenced him to one to five years' incarceration at each of the six dockets, to run concurrently. The court also found that Appellant is RRRI eligible and the Commonwealth waived ineligibility for RRRI and state drug treatment. Appellant filed a post-sentence motion seeking modification of his sentence, which the court denied.

Appellant filed timely notices of appeal and identical court-ordered Pa.R.A.P. 1925(b) Statements at each docket. The court issued a responsive

Rule 1925(a) Opinion. This Court granted Appellant's unopposed motion to consolidate the six appeals, and Appellant filed one appellate brief.

Appellant raises the following issues for our review:

1. Does Act 44 of 2023, specifically the amendment to 42 Pa.C.S.[] § 9771(c) – Limitations on sentence of total confinement, apply to Appellant's revocation hearing?

2. Is a conviction for indirect criminal contempt a crime or a technical violation for purposes of Section 9771(c) of Title 42?

3. Did the trial [court] improperly apply Act 44 of 2023 when it imposed a sentence of one (1) to five (5) years of incarceration for a first technical violation?

Appellant's Br. at 4.

In each of his issues, Appellant contends that the "court failed to follow the limitations imposed by [S]ection 9771(c)[,]" thus challenging the legality of his VOP sentences. *Commonwealth v. Seals*, __ A.3d __, 2026 WL 739101, at *1 (Pa. Super. filed Feb. 17, 2026) (*en banc*). "We apply a *de novo* standard of review and [a] plenary scope of review to questions of legality of sentence." *Commonwealth v. Risoldi*, 276 A.3d 279, 281 (Pa. Super. 2022).

"Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity." *Seals*, 2026 WL 739101, at *5 (citation omitted). "Probation revocation is an integral element of the original conditional sentence." *Id.* (citation and internal quotation marks omitted). "If evidence

- 6 -

establishes that the probationer has violated the conditions of probation, the trial court must make a finding on the record that a violation occurred and then proceed to resentence the petitioner." ***Id.***

Section 9771(c) of our Sentencing Code, as amended by Act 44, effective June 11, 2024,[7] provides that upon a finding that a probationer violated the technical terms of his probation, the VOP court may impose a sentence of total confinement only if the Commonwealth "establishes one of the enumerated exceptions to the presumption against total confinement of technical probation violators[.]" ***Id.*** at *11. Section 9771(c) provides, in relevant part, the following:

> (1) The court may impose a sentence of total confinement upon revocation only if:
>
> (i) the defendant has been convicted of another crime;
>
> (ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or
>
> (iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:
>
> * * *

_____

[7] ***See Seals***, 2026 WL 739101, for a comprehensive review and analysis of Act 44.

- 7 -

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

(i) For a first technical violation, a maximum period of 14 days.

(ii) For a second technical violation, a maximum period of 30 days.

(iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

(iv) The time limitations contained in this paragraph shall not apply to the extent that a reasonable term of additional total confinement, not to exceed 30 days, is necessary to allow a defendant to either be evaluated for or to participate in:

(A) a court-ordered drug, alcohol or mental health treatment program; or

(B) a treatment court provided for in section 916 (relating to treatment courts).

(3) Nothing in this section shall prevent the adoption of a program under section 9771.1.

42 Pa.C.S. § 9771(c).

*

- 8 -

In his first issue, Appellant asserts that Act 44 applies to his probation revocation resentencing cases. Appellant's Br. at 17. We agree. The effective date of Act 44 was June 11, 2024, and Appellant's VOP sentencing occurred on April 16, 2025. Our General Assembly indicated that the amendments to Section 9771 "apply to individuals sentenced or resentenced on or after" its effective date. Act of Dec. 14, 2023, P.L. 381, No. 44, § 5 (effective June 11, 2024). Accordingly, Act 44 does apply to Appellant's case since it became effective prior to Appellant's VOP revocation and sentencing.

\*

In his second issue, Appellant avers that his two indirect criminal contempt convictions are not "new crimes" for purposes of resentencing to total confinement pursuant to 42 Pa.C.S. § 9771(c)(1)(i). Appellant's Br. at 19-25. While Appellant provides a thorough and persuasive analysis, the question of whether Appellant's ICC convictions are "crimes," for purposes of Section 9771(c)(1)(i) of Act 44, our review indicates that the VOP court relied on the exception provided in Subsection (c)(1)(iii)(F) in imposing its sentence of total confinement, rather than Subsection (c)(1)(i). **See** Trial Ct. Op., 7/1/2025, at 3; 42 Pa.C.S. § 9771(c). Since the court did not rely on Subsection(c)(1)(i), the question of whether Appellant's ICC convictions comprise a "crime" is not relevant to our review of whether the VOP court's sentence violated Act 44.

\*

In his third issue, Appellant argues that the VOP court should have considered his three "occasions" of failing to adhere to the terms of his probation as one technical violation for purposes of imposing a sentence that comports with Section 9771(c)(2). Appellant's Br. at 29, 32. He argues that the court, therefore, should have imposed a 14-day sentence as provided in Section 9771(c)(2)(i), rather than one to five years of total state confinement.

Relevant here, Section 9771(c)(1)(iii) provides that the presumption against total confinement is rebutted if:

> (iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:
>
> **(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions *and* the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.**

42 Pa.C.S. § 9771(c)(1)(iii)(F) (emphasis added).

Subsection (c)(1)(iii)(F) includes two separate requirements: the intentional and unexcused failure to adhere to probation conditions on "three or more occasions," **and** the defendant "cannot be safely diverted from total confinement through less restrictive means." *Id*. Unless both requirements are met, subsection (c)(1)(iii)(F) does not rebut the presumption against total confinement.

Our review of Appellant's challenge is directly controlled by the holding in **Goodwin**, 2026 WL 775409, at *8. In that case, on three occasions, Mr. Goodwin committed "flagrant" technical violations of the terms of his probation. The probation department filed a petition detailing the technical violations and the VOP court scheduled a hearing. Following the hearing, the court revoked his probation and sentenced him to three separate maximum terms of confinement. On appeal, this Court vacated those sentences, concluding that the VOP court erred in counting each technical violation individually for purposes of sentencing under Section 9771(c)(2) of Act 44. The panel reasoned, in relevant part, as follows:

> Because the legislature clearly intended the statute at issue to reflect a recidivist philosophy, we agree with Goodwin it would be an absurd and unintended result to allow the VOP court in effect to give Goodwin three separate maximum sentences at the same, first hearing on his multiple, technical probation violations. While we agree with the trial court's holding that Goodwin's technical violations were flagrant and significant in nature - and if presented to the trial court on an individual basis each would undoubtedly have constituted an independent technical violation allowing for graduated punishment under the latest statutory scheme – **the new statutory scheme leaves no alternative but to conclude the trial court erred in imposing a one-to-two-year term of imprisonment at the hearing for Goodwin's three technical violations because those violations were presented to the court collectively rather than individually.**

2026 WL 775409, at *8 (emphasis added).

Thus, notwithstanding the commission of three technical violations, pursuant to the above, a probation violator commits only one technical violation for purposes of sentencing to a term of total confinement. More

pointedly, even if a probationer commits violations of technical terms on multiple "occasions," if the probation department presents one petition to the VOP court that details each of the violations and the court revokes probation after a hearing, pursuant to **Goodwin**, the probationer committed only one technical violation for purposes of sentencing to total confinement. **Accord Commonwealth v. Oglesby**, ___ A.3d ____, 2026 WL 847717 (Pa. Super. filed Mar. 27, 2026) (holding that "in calculating a probationer's technical violations for purposes of section 9771(c), a VOP court must consider only violating behaviors that were accompanied by a judicial finding that the probationer committed a violation.").

The VOP court, therefore, may sentence him to confinement of only 14 days as provided in (c)(2)(i).

Here, in addressing its reasons for imposing the sentences of total confinement after revoking Appellant's probation, the VOP court noted that Appellant "has been in and out of County jail a total of forty times since 1994, was provided numerous opportunities to take his treatment seriously but has repeatedly failed to do so and [] his supervision has been revoked at least twenty times for numerous violations over the years."[8]  Trial Ct. Op. at 4; **see also id.** at n. 8 (noting Appellant's numerous failed attempts at inpatient and

---

[8] We note that Appellant's previous revocations were not related to these dockets.

dual diagnosis treatment between 2005 and 2022, and that Appellant's assessment summary "demonstrates a low commitment for change despite negative consequences."). *See also* N.T. VOP Hr'g at 8 (where Officer Crawford testified that Appellant has been under the supervision of the Chester County Adult Probation department since 1995 and "his convictions consist of simple assault, possession of controlled substance, possession of a firearm, terroristic threats, criminal trespass, harassment, theft by unlawful taking, *et cetera*."). *See also id.* at 21-23 (court referencing contents of PSI report).

Thus, although the VOP court clearly outlined the reasons for its sentence, including multiple failed attempts at county rehabilitation, pursuant to *Goodwin*, we are constrained to conclude that because the technical violations at issue here were addressed at one VOP hearing, the only sentencing option available to the court under Act 44 is a 14-day term of confinement provided in Section 9771(c)(2)(i).[9]

Accordingly, we vacate Appellant's VOP sentence and remand for resentencing.

Judgments of sentence vacated. Case remanded. Jurisdiction relinquished.

---

[9] Section 9771(c)(2)(iv) provides that the court may extend that 14-day term by no more than 30 days to direct the probationer to participate in addiction evaluation and treatment.

Judge Sullivan joins the memorandum.

President Judge Larazus concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/30/2026